NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETRA ANN PARKER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> YOUTH POLICY INSTITUTE; et al., <br><br> Defendants-Appellees. | No. 15-55396 <br><br> D.C. No. 2:14-cv-00177-SJO-RZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Petra Ann Parker's late motion to proceed in forma pauperis, filed

November 18, 2016, is granted.

Parker appeals pro se from the district court's judgment dismissing her

action alleging discrimination in violation of the Age Discrimination in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Employment Act ("ADEA"), Title VII, and the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Parker's claims against defendants Los Angeles Unified School District ("LAUSD") and Youth Policy Institute ("YPI") because Parker failed to allege facts sufficient to show that she had an employment relationship with LAUSD and YPI. *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (explaining that "Title VII protects employees, but does not protect independent contractors" and setting forth factors for determining whether an individual is an employee); *Barnhart v. N.Y. Life Ins. Co.*, 141 F.3d 1310, 1312-13 (9th Cir. 1998) (explaining that claimants under the ADEA must establish themselves as "employees" and adopting common-law test for determining employee status under ADEA); *see also Kelly v. Methodist Hosp. of S. Cal.*, 997 P.2d 1169, 1174 (Cal. 2000) (FEHA predicates potential liability on the existence of an employment relationship).

The district court did not abuse its discretion in considering defendant YPI's late motion for judgment on the pleadings because the district court notified

Parker that it was going to consider the motion and ordered Parker to file a response. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial scheduling order . . . will not be disturbed unless they evidence a clear abuse of discretion." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in dismissing for failure to prosecute Parker's claims against defendant Academic Advantage because Parker failed to comply with two orders that directed her to serve Academic Advantage properly and amend the complaint to reflect Academic Advantage's name change, and warned her of the consequences of failing to comply. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996) (standard of review and discussing factors for determining whether to dismiss for failure to prosecute).

We reject as unsupported by the record Parker's contentions that the district court judge was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

YPI's request for judicial notice, filed on December 9, 2015, is denied.

**AFFIRMED.**